**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIANE HOPKINS & GARY LAWTON,**

        **Plaintiff,**

**-vs-**                                       **Case No. 6:10-cv-1627-Orl-31GJK**

**BASIC RESEARCH, LLC, CARTER-**
**REED COMPANY, LLC, DENNIS GAY,**
**MITCHELL K. FRIEDLANDER & DOES**
**1-10,**

        **Defendant.**
_____/

**ORDER**

**I. Introduction**

This cause comes before the Court without oral argument upon consideration of Defendants' Motion to Dismiss the Complaint (Doc. 33), Plaintiffs' responsive memorandum (Doc. 52), and Defendants' Reply (Doc. 59).

On October 11, 2010, Plaintiffs Diane Hopkins and Gary Lawton commenced this putative class action on behalf of themselves and other similarly situated individuals seeking damages and injunctive relief arising out of Defendants' false and misleading labeling and advertising of the weight-loss products Relacore and Relacore Extra (the "Products"). Specifically, Plaintiffs allege that Defendants have been and continue to nationally advertise that the Products "Help[ ] Prevent Stress-Related Abdominal Fat," and are a "Stress Reducer/Mood Elevator," which is "Formulated to help:" "Reduce Stress," "Reduce Mild Anxiety," "Improve Mood," "Fight Mid-Day Fatigue,"

and "Increase Energy." (Doc. 1 at ¶ 18.) The gravamen of the Complaint, is that such advertising is literally false because the Products "are ineffective." (*Id.* at ¶ 29.) In addition, Plaintiffs' claim that there is no reasonable scientific basis supporting Defendants' claims. (*See id.* at ¶¶ 30-31.)

In the Complaint, Plaintiffs assert five claims against Defendants. In Counts I and II, Plaintiffs allege that Defendants violated provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)-(d). Count III alleges that Defendants violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq*. In Count IV, Plaintiffs allege that Defendants violated the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1, *et seq*. Lastly, Count V asserts a claim for unjust enrichment.

In their motion, Defendants contend that Plaintiffs' claims should be dismissed pursuant to FED. R. CIV. P. 8(a), 9(b), and 12(b)(6).

For the reasons, *infra*, Defendants' Motion to Dismiss will be granted in part and denied in part. Plaintiffs predicate subject matter jurisdiction pursuant on 28 U.S.C. §§ 1331, 1332, and 1367.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted


factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Int'l., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

**A. The RICO Claims (Counts I and II)**

The civil provision of the federal RICO statute provides a private right of action to "[a]ny person injured in his business or property by reason of a violation" of RICO's criminal prohibitions. 18 U.S.C. § 1964(c). Accordingly, to state a civil RICO claim, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000).

The RICO statute defines "racketeering activity" as the enumerated crimes listed in 18 U.S.C. § 1961(1), including mail fraud and wire fraud as alleged in this case. 18 U.S.C. § 1961(1)(B); *see also* 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud). The Eleventh Circuit has explained that "mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." *Pelletier v. Zweifel*, 921 F.2d 1465, 1498 (11th Cir. 1991). Under the mail and wire fraud statutes, a plaintiff must allege a scheme to defraud wherein "some type of deceptive conduct occurred." *Id.* at 1500.

A plaintiff relying on violations of the wire or mail fraud statutes as predicate acts for a civil RICO claim (as Plaintiffs do here) must show not only that those statutes were violated, but also that he suffered an injury that was proximately caused by those violations. *Id*. at 1499; *see also Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1350 n.14 (11th Cir. 2008) (noting that "RICO standing is really just a heightened proximate causation standard, as it requires a claimant to prove that he was injured in his business or property 'by reason of' the RICO violation").

**i. Puffery**

Defendants argue that Plaintiffs' RICO claims should be dismissed because Defendants' alleged misrepresentations of the Products constitute non-actionable puffery. Specifically, Defendants maintain that their statements that the Products "Help[ ] Prevent Stress-Related Abdominal Fat," are a "Stress Reducer/Mood Elevator," and "Increase Energy" are all "incapable of precise definition and objective application." (Doc. 33 at 8.) Thus, according to Defendants, such terms cannot be actionable representations for purposes of RICO.

As recognized by the Eleventh Circuit, mere "puffing" or "sellers' talk" is not actionable under the mail fraud statute. *See United States v. Martinelli*, 454 F.3d 1300, 1317 (11th Cir. 2006); *see also United States v. Pearlstein*, 576 F.2d 531, 540 n.3 (3d Cir. 1978) (statements that company "nationally known" and that product "among the finest . . . in the world" are "not cognizable under the federal mail fraud statute").[1]

The Court rejects Defendants' argument that the alleged misrepresentations regarding the Products are mere puffery. Specifically, the Court finds that Plaintiffs allege concrete factual and material misrepresentations that deal with objective factual statements concerning the Products, which can either be proved or disproved. These alleged misrepresentations are not "vague" or "generalizations" and therefore cannot be considered mere puffery.[2]

**ii. Rule 9(b)**

Defendants argue that Plaintiffs' substantive RICO claims, specifically the alleged violations of 18 U.S.C. §§ 1952, 2314, 1341, and 1343 are subject to dismissal because they are not plead with the requisite level of particularity required under FED. R. CIV. P. 9(b).

---

[1] While the Court recognizes that the cited cases are distinguishable in that they involve claims brought by the federal government, courts have consistently applied a similar definition of puffery to private claims as well. *See, e.g., Mfg. Research Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982) (describing puffing, in the context of a common law unfair competition claim, as "an expression of opinion not made as a representation of fact"); *Silver v. Countrywide Home Loans, Inc.*, No. 09-60885-CIV, 2011 WL 121701 at *8 (Jan. 13, 2011) ("A statement of opinion, such as occurs in 'puffing,' is not a statement of fact, but is one of opinion. 'Puffing' is not to be taken seriously, is not to be relied upon, and is not binding as a legal obligation or promise.") (citing *Wasser v. Sasoni*, 652 So. 2d 411 (Fla. 3d DCA 1995) (seller's representation that an apartment building was "'a very good building' requiring 'normal type of maintenance'" was merely puffing and not a fraudulent misrepresentation)).

[2] For the same reasons, Defendants' request to dismiss Lawton's NJCFA claim and Hopkins' FDUTPA claim based on Relacore is also denied.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Under the law of this Circuit, civil RICO claims must be pled with an increased level of specificity and must satisfy the requirements of Rule 9(b). *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). To satisfy Rule 9(b), RICO complaints and allegations of fraud must allege: (1) the precise statements, documents, or misrepresentations made, (2) the time and place of and person responsible for the statement, (3) the content and manner in which the statements misled the plaintiff, and (4) what the defendants gained by the alleged fraud. *Id.* at 1316-17; *see also Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). "[I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud . . . ." *Brooks*, 116 F.3d at 1381.

Nevertheless, courts recognize that if the alleged fraud occurred over an extended period of time and the acts were numerous, the specificity requirements are less stringently applied. *Anthony Distrib., Inc. v. Miller Brewing Co.*, 904 F. Supp. 1363, 1366 (M.D. Fla. 1995). This relaxed requirement is applied where "strict application of Rule 9(b) could result in substantial unfairness to private litigants who could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud." *NCR Credit Corp. v. Reptron Elec., Inc.*, 155 F.R.D. 690, 692 (M.D. Fla.1994). However, this does not negate the plaintiff's duty to adequately plead the contents of the alleged fraudulent representations and the places where the activity was to have occurred. *Anthony Distrib.*, 904 F. Supp. at 1366.

After review of the Complaint, the Court finds that Plaintiffs' RICO claims meet the heightened pleading requirements of Rule 9(b). Plaintiffs set forth the nature of the fraudulent

scheme in detail, including the time-frame in which Plaintiffs saw the television and in-store advertisements and purchased the Products. (*See* Doc. 1 at ¶¶ 17, 21, 64.) Although the Complaint does not specify each individual Defendants' role in the misrepresentations, it does give a detailed description of each Defendants' unique role in the marketing, distribution, and sale of the Products. (*See id.* at ¶¶ 36-41.) Therefore, Defendants' request to dismiss Plaintiffs' RICO claims pursuant to Rule 9(b) is denied.[3]

### iii. Standing

Defendants contend that Plaintiffs lack standing to assert predicate acts based on the Individual Defendants' Internet activities because they do not allege that they were ever harmed or injured by sales, advertising or labeling of the Products via the Internet. In response, Plaintiffs argue that the issue of whether they have standing to assert claims based on Defendants' Internet activities should be deferred until class certification is decided.

"[T]he test for RICO standing is whether the alleged injury was directly caused by the RICO violation . . . ." *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 908 (11th Cir. 1998) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation" and the plaintiff's damages must "flow from the commission of the predicate acts"). "[A] plaintiff who complain[s] of harm flowing merely from

---

[3] Defendants argue that Plaintiffs' RICO conspiracy claim is subject to dismissal because it is based upon the allegedly deficient substantive RICO claims. (*See* Doc. 33 at 11-12.) Because the Court finds that Plaintiffs have adequately alleged a RICO claim, the Court rejects this argument.

the misfortunes visited upon a third person by the defendant's acts [is] generally said to stand at too remote a distance to recover." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307 (11th Cir. 2003) (citing *Holmes*, 503 U.S. at 268-69).

The Court finds that Defendants' request to dismiss Plaintiffs' RICO claims predicated on Defendants' alleged Internet activities is due to be granted. It is undisputed that the Complaint fails to contain any allegations that Plaintiffs were ever harmed or injured by, let alone even viewed, Defendants' sales, advertising or labeling of the Products via the Internet. Consequently, Plaintiffs do not have standing to pursue a RICO claim based on Defendants' alleged Internet activities. Further, there is no need to permit Plaintiffs to proceed with class certification prior to resolving this issue as they do not have standing to pursue these claims. *See Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009) (noting that, "[f]or a district court to certify a class action, the named plaintiffs must have standing"); *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (noting that, "a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim").

Defendants' motion is also granted to the extent it seeks dismissal of Hopkins' RICO claim based on Relacore Extra. The Complaint does not allege that Hopkins ever purchased Relacore Extra, or that she ever read or viewed any advertising or labeling of Relacore Extra. Therefore, Hopkins lacks standing because she has not shown that she suffered an "injury in fact" based upon Defendants' sales of Relacore Extra. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)

(noting that an injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical").[4]

**B. Plaintiffs' Unjust Enrichment Claim (Count V)**

Defendants maintain that Lawton fails to sufficiently allege an unjust enrichment claim because he does not allege a direct relationship between the parties or that he expected remuneration from Defendants in connection with his purchases of the Products. Specifically, Defendants point out that the Complaint alleges that Lawton purchased the Products from a drugstore, and not from Defendants. Similarly, Defendants argue that Hopkins' unjust enrichment claim should be dismissed because she does not allege the lack of an adequate remedy at law.

In order to state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that: (1) defendant received a benefit, (2) at plaintiff's expense, (3) under circumstances that would make it unjust for defendant to retain the benefit without paying for it. *See In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D. N.J. 2004). Additionally, New Jersey law requires a direct relationship between the parties. *See Nelson v. Xacta 3000 Inc.*, No. 08-5426, 2009 WL 4119176, at *7 (D. N.J. Nov. 24, 2009) (holding that plaintiff's unjust enrichment claims fails because he purchased the product at a Wal-Mart store, not from defendant); *Cooper v. Samsung Elec. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *10 (D. N.J. Sept. 30, 2008) ("[A]lthough [plaintiff] alleges that Samsung was unjustly enriched through the purchase of the television, there was no

---

[4] For the same reasons, Hopkins cannot pursue a FDUTPA or unjust enrichment claim based on Relacore Extra. Defendants' motion will be granted to the extent it seeks dismissal of those claims.

relationship conferring any direct benefit on Samsung through [plaintiff's] purchase, as the purchase was through a retailer, Ultimate Electronics."). In the present case, Lawton alleges that he purchased the Products from Rite-Aid, and not directly from Defendants. (*See* Doc. 1 at ¶¶ 23, 25-26.) Therefore, his benefit is not directly conferred upon Defendants and his unjust enrichment claim fails under New Jersey law. Lawton's unjust enrichment claim will be dismissed against Defendants.

Under Florida law, the equitable doctrine of unjust enrichment applies only where (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it. *See Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.*, 899 So. 2d 1222, 1227 (Fla. 1st DCA 2005). It is axiomatic that there must be a benefit conferred before unjust enrichment exists. *Henry M. Butler, Inc. v. Trizec Prop., Inc.* 524 So. 2d 710, 712 (Fla. 2d DCA 1988). "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." *Guyana Tel. & Tel. Co., Ltd. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003).

The Complaint does not allege that an express contract exists between the parties; therefore Defendants' argument that Hopkins' unjust enrichment claim should be dismissed based on the availability of an adequate legal remedy is rejected. *See Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998). However, the facts of this case, simply stated, do not fit neatly into an unjust enrichment theory under Florida law. Specifically, there is no allegation that Hopkins acted with any expectation that Defendants assumed or would bear some correlative

obligation in regard to her purchase of Relacore from Wal-Mart. Based on the allegations in the Complaint, it appears that any injustice (assuming one exists at all) flows from Defendants' alleged false and deceptive marketing of the Products.[5] Hopkins' RICO and FDUTPA claims are the proper vehicle to redress such allegedly fraudulent actions. Accordingly, insofar as Defendants seek dismissal on this claim, their motion will be granted.

**IV. Conclusion**

Based on the foregoing, it is ORDERED that:

Defendants' Motion to Dismiss the Complaint (Doc. 33), filed on January 18, 2011, is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED insofar as it requests dismissal of (1) Plaintiffs' RICO claims based on any of the Defendants' alleged Internet activities; (2) Plaintiff Hopkins' FDUTPA and RICO claims based on Relacore Extra; and (3) Count V in its entirety. The Motion is DENIED in all other respects.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 17, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[5] Plaintiffs have not cited, and the Court's research has not uncovered, any case in which a litigant has been allowed to pursue an unjust enrichment claim under circumstances similar to the present action.