UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

DIANE HOPKINS, *et al.*,

        Plaintiffs,

  - vs –

BASIC RESEARCH, LLC, *et al.*,

        Defendants.

Case No. 6:10-cv-01627-GAP-GJK

**CIVIL ACTION**

## DEFENDANTS' MOTION TO SEAL
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 1.09, Defendants Basic Research, LLC, Carter-Reed Company, LLC, Dennis Gay, and Mitchell K. Friedlander (collectively "Defendants") respectfully request leave to file certain documents in connection with their motion for summary judgment under seal.

## DISCUSSION

Defendants seek leave of the Court to file two documents and excerpted medical records under seal. Plaintiff has no objection to this Motion. Federal Rule of Civil Procedure 26(c)(1) permits the parties to request, and the Court to issue, orders that protect the parties from "annoyance, embarrassment, oppression, or undue burden or expense" in a variety of ways. With respect to seeking such protection by filing

1

documents under seal, Local Rule 1.09 states that a party must submit a motion to seal

that includes the following:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

Local Rule 1.09(a).

Defendants request permission to file under seal: (1) excerpts of Plaintiff's medical records that include personal and sensitive information regarding Plaintiff's health and medical history; and (2) Exhibits A and B to the Declaration of Carla Fobbs, which contain sensitive and proprietary trade secrets, the public disclosure of which could cause Defendants significant harm and competitive injury. Defendants address the requirements of Local Rule 1.09(a) for these items below.

## I. PLAINTIFF'S MEDICAL RECORDS.

Defendants seek leave to file excerpts of Plaintiff's medical records under seal. These records are necessary because they contain information that goes directly to the RICO causation elements that Plaintiff must prove in this action. *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 984 (2010) (holding that to establish an injury under RICO a plaintiff must prove that an act of racketeering "not only was a 'but for' cause of his injury, but was the proximate cause as well") (citation omitted). Plaintiff's medical records are replete with evidence that Plaintiff used other prescription drugs that make it impossible for her to establish that Defendants are a direct or proximate cause of her alleged injury. (Defendants do not concede that Plaintiff suffered an injury.)

Sealing these records is necessary to protect Plaintiff's privacy in her own medical information.  Defendants have excerpted only those portions of the records that are most relevant to their motion for summary judgment; however, the necessary filings contain personal information regarding Plaintiff's medical history that may cause her embarrassment or other hardship if disclosed publicly.  Because the specific details of Plaintiff's health care are unlikely to be of public interest or of concern beyond their use in this case, her interest in maintaining their privacy outweighs any potential public interest in their disclosure.  Further, there does not exist an alternative means of protecting Plaintiff's personal health information while still presenting this necessary and relevant information to the Court.

Courts have permitted personal medical records to be filed under seal.  *See, e.g., Manning v. Johnson & Johnson Pension Committee*, 504 F. Supp. 2d 1293, 1297 n.1 (M.D. Fla. 2007) (noting that party medical records were filed under seal);*Smith v. Hough*, No. 1:09-CV-89, 2010 WL 3855215, *4 (M.D. Ga. Aug. 27, 2010) (same); *Phillips v. Irvin*, No. 05-0131-WS-M, 2007 WL 2156412, *2 (S.D. Ala. July 25, 2007) (same); *see also Falcon Farms v. R.D.P. Floral, Inc.*, No. 07-23077-CIV, 2008 WL 3874598, *2 n.1. (S.D. Fla. Aug. 14, 2008) (noting that the court had suggested that an affidavit regarding defendant's representative's medical information "be filed under seal to protect the medical privacy interests of" the representative); *Ramada Worldwide, Inc. v. AB Associates Midland Mgmt.*,No. 8:07-CV-1459-T-27EAJ,2007 WL 3284047, *1 (M.D. Fla. Nov. 5, 2007) (granting motion to seal personal financial information, finding

"there is good cause for the issuance of a protective order limiting public access to Howitt's personal information").

Defendants respectfully request permission to file Plaintiff's medical records under seal.  Defendants also request leave to redact from the public filing portions of the motion for summary judgment and memorandum that discuss specific information taken from Plaintiff's medical records, and to file an unredacted, sealed version with the Court.

## II.    DEFENDANTS' PROPRIETARY INFORMATION.

Defendants also seek leave to file two pieces of proprietary business information under seal.  It is necessary to file these sensitive documents in connection with Defendants' motion for summary judgment because Plaintiff's claims are based on her allegation that Defendants knowingly and with intent to defraud made representations about Relacore for which they do not have scientific substantiation.  Defendants will respond with substantial evidence that the representations at issue have been and are supported, and that Defendants therefore had a reasonable basis for making them.  Thus, documents compiling the scientific evidence substantiating the challenged representations are directly relevant.

Defendants seek leave to file under seal Exhibits A and B to the Declaration of Carla Fobbs, which identify the many articles, studies and analyses that Defendants have compiled in support of their representations regarding Relacore.  *See* Declaration of Carla Fobbs ("Fobbs Decl."), attached as Exhibit 1.[1]   Exhibit A to Ms. Fobbs' Declaration

---

[1] In support of this Motion, Defendants attach Ms. Fobbs' Declaration without the subject Exhibits.  Defendants do not seek to file the Declaration itself under seal.

includes an index of all of the information from Defendants' substantiation file for Relacore, which has been assembled at great expense to Defendants. Ex. 1, Fobbs Decl. ¶¶ 3-7. Defendants' substantiation file is separately maintained and access to it is restricted. *Id.* To the extent this information has been disclosed to third parties, it has been done pursuant to a confidentiality agreement or a protective order. *Id.*[2] The substantiation file index assembles in one place and specifically identifies many of the scholarly articles, studies and analyses that substantiate Defendants' representations and Relacore's efficacy more generally. *Id.* It is not publicly known. *Id.* If a competitor were to obtain this information, it could use it to create and market competing products without expending the significant time, energy, and costs Defendants have spent in assembling this substantiation. *Id.* This could cause substantial harm to Defendants in the form of lost sales and unfair competition. *Id.*; *see, e.g., U.S. Ex Rel. Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2008 WL 5341141 (M.D. Fla. Dec. 19, 2008) (granting motion to seal defendant's training manuals and customer list in part "so that a competitor, or other individual, will have to employ its own resources, rather than Axiom's, to ascertain the identities of Axiom's customers").

Exhibit B to Ms. Fobbs' Declaration is the Expert Report of Dr. Arne V. Astrup. Ex. 1, Fobbs Decl. ¶¶ 10-13. Dr. Astrup was retained to perform a comprehensive

---

[2] The claim substantiation file and index are trade secrets. In Florida and in Utah, Defendants' home jurisdiction, a trade secret includes "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Utah Code § 13-24-2(4); *see also* Fla. Stat. 688.002(4).

evaluation of the scientific evidence supporting Defendants' representations for Relacore, including the proprietary substantiation information Defendants have compiled.  *Id.*  His report specifically identifies this information and explains in detail how the evidence substantiates Defendants' representations and Relacore's efficacy generally.  As such, it is subject to the same confidentiality and trade secret concerns as the substantiation index. Further, Dr. Astrup was retained by, and agreed to prepare his report for, Defendants. Should Defendants' competitors or other parties obtain his report, they would be able to use his name, reputation and expertise to compete unfairly with Defendants and to unjustly usurp Defendants' efforts and expense in retaining Dr. Astrup to provide his expert analysis and conclusions.

Fed. R. Civ. P. 26 specifically contemplates the protection of trade secrets such as Dr. Astrup's report and Defendants' substantiation index, permitting the Court to issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."  Fed. R. Civ. P. 26(c)(1)(G).  Such protection is especially appropriate here, where Defendants are involuntarily before the Court based upon claims that, as set forth in Defendants' motion for summary judgment, are not meritorious.  Defendants should not be required to publicly disclose valuable proprietary information to defend against such claims.  As with Plaintiff's medical records, allowing this information to be filed under seal is the only method of permitting the Court to view this relevant evidence while still protecting its confidential and proprietary nature.  It is therefore appropriate to protect this information from public disclosure by permitting it to be filed under seal.  *See D'Aprile v. Unum Life*

*Ins. Co. of America*, No. 2:09-cv-270-FtM-36SPC, 2010 WL 2509871 (M.D. Fla. June 18, 2010) (granting motion to seal because the parties asserted "that the document and information to be sealed constitutes a 'trade secret'"); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1261 n.1 (11th Cir. 2009) (noting that document containing defendant's compensation information was filed under seal "due to [its] proprietary nature" and noting that the court had attempted to avoid quoting that information "[o]ut of respect for the competitively sensitive nature of the document ").[3]

## III.    DURATION OF THE SEAL.

Neither Plaintiff's medical records nor Defendants' trade secrets will become less sensitive or proprietary over time.  Plaintiff's interest in protecting her personal health information will endure and Defendants' trade secrets will retain their value for as long as they are not publicly known.  Their protection will not become less important with the passage of time.  Accordingly, Defendants request that these documents be sealed indefinitely.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and permit Defendants to file the identified documents under seal.

---

[3]   Defendants respectfully submit that the authorities cited by the Court in its Case Management form address concerns different than the discreet trade secret issues and private medical information at stake here.  In *Wilson v. Amer. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985), the lower court agreed to seal the entire proceedings, from inception of the case through jury trial, as part of a court-brokered settlement after the jury returned its verdict.  The Eleventh Circuit held that trials are public proceedings and the public's common law right of access outweighed defendant's argument that its reputation would be harmed if the proceedings were unsealed.  *Id.* at 1570-71.  *Accord, Brown v. Advantage Eng., Inc.*, 960 F.2d 1013 (11th Cir. 1992) (entire proceeding sealed after post-summary judgment court-monitored settlement).  Here, in contrast, Defendants seek leave to seal discreet pieces of information in which the parties' privacy and proprietary interests greatly outweigh any public interest in disclosure.

Dated this 17th day of June, 2011.

STOVASH, CASE & TINGLEY, P.A.


By: */s/ Amy S. Tingley*
Robert J. Stovash, Esquire
Florida Bar No. 0760320
rstovash@sctlaw.com
Amy S. Tingley, Esquire
Florida Bar No. 0068871
atingley@sctlaw.com
SunTrust Center
200 South Orange Avenue, Suite 1220
Orlando, Florida 32801
Telephone: (407) 316-0393
Facsimile: (407) 316-8969

Brent V. Manning, Esq.- **TRIAL COUNSEL**
Admitted *Pro Hac Vice*
bmanning@mc2b.com
Sammi V. Anderson, Esq.
Admited *ProHac Vice*
sanderson@mc2b.com
James E. Ji, Esq.
Admitted *Pro Hac Vice*
jji@mc2b.com
Manning Curtis Bradshaw &Bednar LLC
170 South Main Street, Suite 900
Salt Lake City, Utah 84101
Telephone:  (801) 363-5678
Facsimile:   (801) 364-5678

*Attorneys for Defendants*

## CERTIFICATION OF GOOD FAITH

Pursuant to Rule 3.01(g), of the *Federal Rules of Civil Procedure*, counsel for Defendants, Sammi V. Anderson, conferred via electronic mail with counsel for Plaintiffs, Fletch Trammell, on June 16, 2011, who advised that Plaintiff has no objection to Defendants seeking leave to file the documents identified above under seal.

*/s/ Sammi V. Anderson*
Sammi V. Anderson
Admitted *pro hac vice*, Utah Bar # 9543

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Dana A. Snyderman*
Dana A. Snyderman, Esquire
Florida Bar No. 0042345